IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

L. LISA LEBRETON,

    Plaintiff,

    v.                                       CIV 17-0841 KRS/KBM

JAMIE G. SILER, THOMAS D. BASMAJIAN,
LARRY J. MONTANO and ROBERT KLEIN,

    Defendants.

## **ORDER UNSEALING COMPLAINT and ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court *sua* sponte on Plaintiff Lebreton's "Notice" of her claims, filed on August 17, 2017 ("Complaint"). *Doc. 1.* The third page of Plaintiff's Complaint has the word "SEALED" in very large bold font (*Id.* at 3) and the Clerk of the Court, therefore, filed the entire case under seal. Plaintiff, however, has failed to establish a sufficient basis for the case to remain sealed.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public's interest "in understanding disputes that are presented to a public forum for resolution" and is intended to "assure that the courts are fairly run and judges are honest." *Crystal Grower's Corp.*, 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to

allow access to those records is left to the court's sound discretion. *Crystal Grower's Corp.*, 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public's right of access, which is presumed paramount, with the parties' interests in sealing the record or some portion of the record. *Id.* Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

A party seeking to overcome the presumption of public access to judicial documents bears the burden of showing "some significant interest that outweighs the presumption." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). "Whether a trial court exercises sound discretion will be based on the facts and circumstances of the individual case and the weighing of the parties' interests." *Riker v. Fed. Bureau of Prisons*, 315 F. App'x 752, 755 (10th Cir. 2009). The fact that information has "already been made public" will undermine a party's privacy concerns. *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013) (citing *Mann*, 477 F.3d at 1149).

In keeping with the paramount right of public access, this Court requires a party to move for permission to file a particular document under seal and to demonstrate a private interest sufficient to justify the sealing of the document. Here, Plaintiff has not sought the Court's permission to file the case under seal nor has she demonstrated a private interest sufficient to justify the sealing of any document. Further, there is nothing in the record that establishes that Plaintiff's interest in keeping the documents private outweighs the public's right of access to judicial

records.

Having now reviewed the Complaint, the Court has serious concerns about whether this case can be heard in federal court. *See Davis ex rel. Davis v. U.S.,* 343 F.3d 1282, 1295 (10th Cir. 2003) ("[T]he district court . . . can *sua sponte* question subject matter jurisdiction. . . ."). Unlike the state district court in New Mexico, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The federal court may only preside in instances where: (1) the parties' citizenship is diverse and the amount in controversy exceeds $75,000; or (2) the face of the complaint raises a federal question. *See* 28 U.S.C. §§ 1331, 1332; *Karnes v. Boeing Co.,* 335 F.3d 1189, 1192 (10th Cir. 2003) (federal jurisdiction must be evident from the face of the complaint).

Although Plaintiff checked the "Diversity" box on the Civil Cover Sheet as a basis for jurisdiction, the Complaint is devoid of any allegations regarding the citizenship of parties. *See Doc. 1*. Moreover, the Complaint's conclusory allegations ("trespass" via a "forged instrument" by the alleged "wrongdoers") fail to provide the Court with any factual allegations sufficient to identify a viable cause of action over which this Court would have jurisdiction. "[T]o withstand a motion to dismiss, a complaint must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). Plaintiff Lebreton, who identifies herself as "I: a woman; *prosecutor*," has filed a pleading so lacking in factual allegations that it fails to satisfy this most basic requirement.

Wherefore,

**IT IS HEREBY ORDERED** that the Clerk of the Court is directed to unseal this case.

**IT IS FURTHER ORDERED** that Plaintiff Lebreton file a document with the Court no later than Monday, August 28, 2017 showing cause why this action should not be dismissed for lack of jurisdiction. Plaintiff L. Lisa Lebreton is cautioned that failure to so respond by that deadline will likely result in dismissal of this action.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE